United States District Court
Southern District of Texas
**ENTERED**
July 11, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN SHELBY, | § | CIVIL ACTION NO |
| Plaintiff, | § | 4:24-cv-01128 |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| AMGUARD INSURANCE COMPANY, | § | |
| Defendant. | § | |

## ORDER OF DISMISSAL

This action will be dismissed for failure to progress this litigation and to abide by court orders.

At hearing on December 17, 2024, a motion by Plaintiff John Shelby was granted to abate this action and compel appraisal. Plaintiff and Defendant AmGuard Insurance Company were ordered to use "best efforts" to complete such appraisal by June 17, 2025. Dkt 31.

On June 17th, the parties filed a joint status report indicating that Defendant had completed its appraisal but that Plaintiff had not, with no indication given as to when that would happen. Dkt 32. A show-cause order was thus entered as to Plaintiff on June 18, 2025. Dkt 33. Plaintiff made the required filing, Defendant responded, and Plaintiff replied. See Dkts 34, 35 & 38; see also Dkt 37 (order granting Plaintiff leave to reply).

The filing by Plaintiff in no way supports "best efforts" on the ordered appraisal or, indeed, much (if any) work before the deadline at all. An "unsworn declaration" by Plaintiff's appraiser, Richard Brandon Gadrow, indicates that he reached out to the opposing appraiser only as of

June 24, 2025. Dkt 34-1 at 3. That reflects efforts undertaken after the June 17th deadline itself. What's more, it was undertaken only after the entry of the show-cause order. Dkt 33.

To be clear, the unsworn declaration by Gadrow studiously avoids stating the dates upon which he actually began his work. The attached report references only a "Date Entered" of June 20, 2025. See Dkt 34-1 at 7 (also referencing "visual inspection" that was "conducted in June of 2025"). Notably, the entered date doesn't match the report's footer, which reads "6/25/2025." See id at 8–13. And June 25th is, notably, the date by which Plaintiff was ordered to show cause. See Dkt 33.

In addition to violating the appraisal-deadline order, Plaintiff also violated the show-cause order. He was specifically ordered to "cease any further action on appraisal pending ruling on the potential for dismissal." Id at 2. This instruction was crystal clear: "For the avoidance of doubt, it is inadequate for Plaintiff at this point to purport now to complete and submit his appraisal." Ibid. Given that the order to show cause was entered on June 18th, it is determined here that Plaintiff disobeyed that order by seeking to demonstrate progress with submission of work product dated after entry of that order. See Dkt 34-1 at 3, 7.

Plaintiff attempts in his reply to characterize the language in the order as halting only "new investigative or collaborative steps." See Dkt 38 at 2. That is contrary to the plain language of the order itself. But even if such reading were credited, there is no evidence that any work had indeed and in fact been done at the time the show-cause order was issued—and certainly none exhibiting "best efforts."

The response by Defendant is backed by exhibits and shows that Plaintiff grievously misrepresents his compliance with the appraisal-deadline order. See Dkt 35. For example, Plaintiff's original filing stated that he attempted to comply with the order "with utmost sincerity" and that his appraiser (Gadrow) conducted "exhaustive

2

investigation" in the April to June 2025 timeframe. See Dkt 34 at 1–2. To the contrary, Defendant establishes that this omits that the appraiser Plaintiff originally claimed to have named (Angela Faulkner) had withdrawn all appraisal designations with Plaintiff's counsel—a fact that Defendant's counsel learned from Faulkner and not from Plaintiff's counsel himself. See Dkt 35-1 at 2. Indeed, it's also established that Faulkner "could not find a record of ever being named the appraiser in this matter." Dkt 35-5 at 5. Even so, Plaintiff in reply simply doubles down on his misrepresentations, insisting with zero credibility in his reply that he had designated Faulker as appraiser. Dkt 38 at 1.

Plaintiff also represented that his appraiser in April 2025 had coordinated with the appraiser appointed by Defendant to "jointly" select an umpire. Dkt 34 at 1. Defendant agrees that the appraisers did "finally" agree on an umpire in April, but it only serves to highlight Plaintiff's repeated failure to otherwise progress the appraisal—and certainly not by way of "best efforts." Dkt 35 at 3–4. This is so because Plaintiff notably omits that his appraiser didn't appear for the April 10th inspection, couldn't give Defendant's appraiser a date when he could do the inspection, and hadn't previously been responsive about naming an umpire. See Dkt 35-5 at 2.

Plaintiff is the party who sought appraisal. Yet it's clear that Defendant has repeatedly attempted to progress such appraisal over the delay and dilatory attitude of Plaintiff. Indeed, the submitted correspondence shows that, as late as two weeks before the deadline, and despite Defendant's repeated urging to complete the inspection, the appraiser for Plaintiff stated merely that he would "put it on [his] list." Dkt 35-7 at 2.

Beyond the obvious delay and failure to abide by that order, it's also clear that this was a straightforward appraisal process as initiated by Plaintiff. To the extent Plaintiff suggests that it was instead "complex," nothing submitted establishes it as such—or that it couldn't have

3

been completed in the generous six months allowed for the process. For example, see Dkts 34 at 2 & 38 at 5.

Counsel to Plaintiff is Eric B. Dick and the Dick Law Firm, PLLC. A pattern of abusive litigation tactics by Eric Dick and his law firm is now quite apparent. For example, see *Matthew and Monica Dawkins v Allstate Vehicle and Property Insurance Co*, 4:24-cv-00639, Dkt 32 (show-cause order related to Richard Gadrow); *Roberta Barbara v AmGuard Insurance Co*, 4:22-cv-002905, Dkt 56 (order striking Gadrow and noting that he had died); *Burns v Standard Casualty* Company, No 23-cv-0258 (10th Judicial Dist Ct, Galveston County, Tex Jan 23, 2024) (ordering sanctions against Eric B. Dick and his law firm); Aleman *v Standard Casualty Co*, No 1188597 (Co Ct at Law No 3, Harris County, Tex, Oct 17, 2023) (final judgment issuing sanctions against Eric B. Dick and his law firm); *Etienne v State Farm Lloyds*, No 1109021 (Co Ct at Law No 2, Harris County, Tex July 3, 2018) (sanctioning Eric Dick for refusing "to participate in an appraisal of Plaintiff's insurance claim," lodging complaints without evidentiary support, and acting in bad faith); *Nguyen v Aventus Insurance Company*, No 1100805 (Co Ct at Law No 2, Harris County, Tex Apr 2, 2018) (sanctioning Eric Dick for "the filing and maintaining of the groundless and frivolous lawsuit"). And here, his lazy and unprofessional approach to the many cases with which he burdens the courts is on full display.

Rule 41(b) of the Federal Rules of Civil Procedure permits dismissal *sua sponte* if a plaintiff fails to obey a court order. See *Lucas v Cain*, 573 F Appx 369, 370 (5th Cir 2014), citing *Long v Simmons*, 77 F3d 878, 879 (5th Cir 1996); see also *Martin v Pearson*, 405 F Appx 859, 860 (5th Cir 2010) (citations omitted). Rule 41(b) also allows district courts to dismiss suits when plaintiffs display "inaction or dilatoriness." *Link v Wabash Railroad Co*, 370 US 626, 629–30 (1962); see also Charles Alan Wright and Arthur R Miller, 9 *Federal Practice and Procedure* §2369 (West 4th ed 2025 update): "Dismissal for want of prosecution is a penalty for dilatoriness."

Plaintiff's actions here, as directed and controlled by his counsel, warrant dismissal for both violating court orders and for untimely prosecution. See *Lewis v Hardy*, 248 F Appx 589, 591–92 (5th 2007) (affirming dismissal based on failure to prosecute and follow court orders).

This action is DISMISSED WITH PREJUDICE for failure to abide by court order and for untimely prosecution.

A final judgment will issue separately.

The parties are advised that the Court has under advisement whether to separately refer Eric B. Dick and the Dick Law Firm, PLLC, to the State Bar of Texas for disciplinary proceedings and/or for consideration by the Southern District of Texas for revocation of admittance to practice before the federal courts of the Southern District.

SO ORDERED.

Signed on July 11, 2025, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge